UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA CALDERON,

                                Plaintiff,

                -against-

SYNO CAPITAL; IRIS YU,

                                Defendants.

1:23-CV-3843 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Ana Calderon, also known as Ana Esther Calderon Ortiz, of the Bronx, New York, filed this *pro se* action invoking the court's federal question jurisdiction and asserting that the federal constitutional or statutory bases for her claims are "labor laws – contract laws – discrimination protective laws (age and racial) – due diligence [*sic*]." (ECF 1, at 2.) She sues Syno Capital, of New York, New York, and one of its employees, Iris Yu, seeking $22,300,000 in damages, as well as "mandatory [human resources] and labor law[] training for Syno Capital staff." (*Id.* at 6.) The Court construes Plaintiff's complaint as asserting claims of employment discrimination under federal law, under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967 ("ADEA"), as well as claims of employment discrimination under state law, under the New York State and City Human Rights Laws ("NYSHRL" & "NYCHRL").

By order dated May 9, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine

whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges that the events that are the bases of her claims occurred at an unspecified location in New York City, on an unspecified date. Plaintiff also alleges the following:

> Defendant Syno Capital [d]iscriminated [against] me by violating protective [l]abor laws[] while asking for my personal information during an interview, such as marital status, age, number of children, and languages spoken. Defendant employee, Mrs. Iris Yu [d]iscriminated [against] me by stating that the [a]ccountant required for the position had to be a native Chinese Mandarin speaker. New York City does not require second languages such as Mandarin, Italian, or other languages as [a] [f]irst requirement for a job unless it is a translator job.

(ECF 1, at 5.)

Plaintiff further alleges that Defendant Syno Capital's "employee made [her] feel uncomfortable, and violated [New York City] labor laws of fair interview process and fair selection process." (*Id.* at 6.) She additionally alleges that the "[b]usiness owner failed to hire competent [human resources] employees and failed to train the finance staff appropriately by making them take a [New York City] fair labor standards class to ensure fair and equitable [New York City] [l]abor [l]aws are understood and followed." (*Id.*) Plaintiff asserts that she has suffered "disappointment," and that she is a "victim of [New York City] [l]abor violation [l]aws" and a "victim of [l]abor [l]aws [and] [d]iscrimination." (*Id.*)

## DISCUSSION

Title VII prohibits an employer from discriminating against an employee or a potential employee because of that person's race, color, religion, sex, or national origin. *See* 42 U.S.C.

§2000e-2(a).[1] Section 1981 prohibits discrimination "on account of [a person's] race, ancestry, or ethnic characteristics."[2] *Zemsky v. City of New York*, 821 F.2d 148, 150 (2d Cir. 1987). The ADEA "prohibits discrimination in employment on the basis of age against persons aged 40 or older." *D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 194 (2d Cir. 2007) (citing 29 U.S.C. §§ 623(a)(1), 631(a)).

## A.    Claims under the ADEA

Plaintiff has attached to her complaint copies of her own medical records, which include her date of birth. (ECF 1, at 11, 17, 21, 23.) Those records indicate that Plaintiff was born in 1993 (*id.*), making her, at present, 30 years old. Because the ADEA protects an individual from discrimination in employment on the basis of age only if that individual is 40 years of age or

---

[1] Marital status, by itself, is not a characteristic that is protected by Title VII. *See Ford v. Bernard Fineson Dev. Ctr.*, 81 F.3d 304, 310 n.9 (2d Cir. 1996); *Fisher v. Vassar Coll.*, 70 F.3d 1420, 1447 (2d Cir. 1995), *abrogated on other ground Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000). The same is true with respect to whether an individual has children. *See Fisher*, 70 F.3d at 1448 ("A policy may discriminate between those employees who take off long periods of time in order to raise children and those who either do not have children or are able to raise them without an appreciable career interruption. That is not inherently sex specific and does not give rise to a claim under Title VII."). In addition, "Title VII does not protect against discrimination on the basis of language. Unlike certain other characteristics, race, national origin and language proficiency are not inextricably bound up." *Gordon v. APS Contractors Inc.*, No. 21-CV-0259, 2023 WL 2574740, at *7 (E.D.N.Y. Mar. 20, 2023) (internal quotation marks and citations omitted); *Desrosiers v. Summit Sec. Servs., Inc.*, No. 21-CV-10941, 2022 WL 13808524, at *5 (S.D.N.Y. Oct. 21, 2022) ("[L]anguage is not a protected Title VII class. . . .").

[2] Section 1981 "sets forth a remedy for employment discrimination that is independent of Title VII . . . ." *Ofori-Tenkorang v. Am. Int'l Grp., Inc.*, 460 F.3d 296, 300 (2d Cir. 2006). "Specifically, Section 1981 provides that '[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens.'" *Id.* (quoting 42 U.S.C. § 1981(a)). "Subsection (c) [of Section 1981] explicitly applies . . . to private discrimination and subsection (b) explicitly asserts that the term make and enforce contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." *Id.* at 301 (quoting § 1981(b)) (internal quotation marks omitted). The protections of Section 1981 cover all contracts, including employment agreements. *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 304 (1994).

older, *see* §§ 623(a)(1), 631(a), it does not yet protect Plaintiff from discrimination, *see Spain v. Ball*, 928 F.2d 61, 63 (2d Cir. 1991) ("Because Spain was only 35 when the alleged discrimination occurred, his claim under the ADEA must fail."). Accordingly, the Court dismisses Plaintiff's claims under the ADEA for failure to state a claim on which relief may be granted.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## A.    Proper defendants for claims under Title VII and Section 1981

Plaintiff names two defendants: (1) Syno Capital, and (2) its employee, Iris Yu. "[T]he only proper defendant in a Title VII claim is the plaintiff's employer [or potential employer]." *Chibuzor v. Corwin*, No. 20-CV-9643, 2020 WL 6905304, at *2 (S.D.N.Y. Nov. 23, 2020) (internal quotation marks and citation omitted); *e.g.*, *Farmer v. Fzoad.com Enters. Inc.*, No. 17-CV-9300, 2020 WL 6530787, at *6 (S.D.N.Y. Aug. 5, 2020), *report & recommendation adopted*, 2020 WL 5569581 (S.D.N.Y. Sept. 17, 2020). Individuals and other entities may be held liable for employment discrimination that is prohibited by Section 1981, *see Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226, 229 (2d Cir. 2004), but individuals cannot be held liable under Title VII, *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012).

Because individuals cannot be held liable under Title VII, the Court dismisses Plaintiff's claims under Title VII against Defendant Yu for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

---

[3] The Court notes that the NYSHRL prohibits age discrimination in employment against individuals who are 18 years of age or older. N.Y. Exec. Law § 296(3-a). The Court also notes that the NYCHRL prohibits discrimination in employment based on an individual's actual or perceived age, regardless of the age of the individual. N.Y.C. Admin. Code § 8-107(1)(a).

**B.**     **Claims of discrimination under Title VII and Section 1981**

To state a claim of discrimination under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against [her], and (2) [her] race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

To state a claim of discrimination under Section 1981, a plaintiff must allege facts showing: "(1) [the] plaintiff[] [is a] member[] of a racial minority; (2) [the] defendant['s] intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." *Brown v. City of Oneonta,* 221 F.3d 329, 339 (2d Cir. 2000). "[A] plaintiff must . . . plead . . . that, but for race, [she] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). "Accordingly, [for a claim of discrimination under Section 1981,] it is insufficient to merely plead that race was a motivating factor in the discriminatory action." *Brown v. Montefiore Med. Ctr.*, No. 19-CV-11474, 2021 WL 1163797, at \*5 (S.D.N.Y. Mar. 25, 2021) (citing *Comcast Corp.*, 140 S. Ct. at 1017-18).

Plaintiff has not alleged facts showing that the defendants discriminated against her because of any of the characteristics (race, color, sex, national origin, or religion) that are protected by Title VII or Section 1981. Thus, it appears that she fails to state a claim of discrimination under either of those statutes. In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint to allege facts to state a claim of discrimination against Defendant Syno Capital under Title VII and claims of discrimination against Defendants Syno Capital and Yu under Section 1981.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court for Appeals for the Second Circuit has cautioned that federal district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim of discrimination under Title VII and/or Section 1981, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

The Court grants Plaintiff leave to amend her complaint to provide more facts about her claims. In the "Statement of Claim" section of the amended complaint form, she must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, she must provide it. She should include all of the information in the amended complaint that she wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an amended complaint, and label the document with docket number 1:23-CV-3843 (LTS). An amended complaint for employment discrimination form is attached to this order. No summonses will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss this action; the Court will dismiss Plaintiff's claims under federal law for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and will decline to consider, under its supplemental jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 17, 2023
         New York, New York

        /s/ Laura Taylor Swain
        ————————————————————
          LAURA TAYLOR SWAIN
       Chief United States District Judge